# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

KAREN ANDERSON and
TERRELL ANDERSON                                                                PLAINTIFFS

VERSUS                                                    CIVIL ACTION NO. 2:08cv245 KS-MTP

LITTON LOAN SERVICING LP, et al.                                                DEFENDANTS

## ORDER

THIS MATTER is before court on the Motion to Strike Plaintiffs' Designation of Expert Witness, or in the Alternative to Compel Plaintiff to file a Proper Expert Designation [27] filed by Defendant Countrywide Home Loans, Inc. ("Countrywide"). Having considered the motion, the court finds that it should be GRANTED.

In its Motion [27], Countrywide claims that Plaintiffs' expert designation should be stricken because it was untimely and because it fails to properly comply with Rule 26 of the Federal Rules of Civil Procedure. In considering a motion to strike an improper expert designation, the court balances the four factors outlined in *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990). These four factors are analyzed below.

1. <u>The explanation for the failure to identify the witness</u>. This factor favors Countrywide. The deadline for Plaintiffs to designate experts expired on April 15, 2009, which includes a two-week extension granted by the court. *See* Text Order dated 4/2/09. Plaintiffs filed the expert designation [24] at issue on May 15, 2009 (a month late), and did not request additional time from the court to file the tardy designation. Plaintiffs are reminded that the deadlines set forth in the Case Management Order cannot be amended by the agreement of the parties; rather, the deadlines "can be modified only by order of the court upon a showing of good

cause." *See* Case Management Order [8] and Local Rule 16.1(B)(9)(c). There has been no showing of good cause for Plaintiffs' delay. Indeed, Plaintiffs failed to even respond to the motion.

2. <u>The importance of the testimony.</u> Plaintiffs failed to describe the substance of their expert's proposed testimony in their designation. Therefore, this factor favors Countrywide.

3. <u>Potential prejudice in allowing the testimony</u>. This factor also favors Countrywide. Not only was Plaintiffs' designation untimely, but it failed to include, among other things, the substance of their expert's proposed testimony. Therefore, it would be difficult for Defendants to timely designate a rebuttal expert.

4. <u>The availability of a continuance to cure any prejudice</u>. The expert designation deadline has already been extended once, and the deficient designation at issue comes a month after the extended deadline. Extending the deadline again appears pointless.

Countrywide also correctly noted that Plaintiffs' designation fails to properly comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(B) requires a party's expert designation to be accompanied by a written report, signed and dated by the preparer, which **must contain the following**:

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the data or other information considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v)** a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Plaintiffs' expert designation fails to provide <u>any</u> of the required elements above. It merely provides the proposed expert's name, address, and telephone number. Even if Plaintiffs are unfamiliar with the rule above, which is inexcusable, they have been on notice since at least May 29, 2009 (when Countrywide filed its motion), that their expert designation is insufficient. Yet, Plaintiffs failed to supplement their expert designation to comply with the rule, failed to respond to Countrywide's motion, and failed to take any action to address the matter. Thus, Countrywide's motion is also properly granted pursuant to Local Rule 7.2(C)(2). Accordingly,

IT IS, THEREFORE, ORDERED:

That Countrywide's Motion to Strike Plaintiffs' Designation of Expert Witness is GRANTED.

SO ORDERED this the 17th day of June, 2009.

s/ Michael T. Parker
United States Magistrate Judge