IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**KAREN ANDERSON AND TERRELL ANDERSON**                  **PLAINTIFFS**

**VERSUS**                                    **CIVIL ACTION NO. 2:08-cv-245KS-MTP**

**LITTON LOAN SERVICING, LP;**
**COUNTRYWIDE HOME LOANS, INC.;**
**AND JOHN DOES 1-5**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#49]** filed on behalf of the defendant, Countrywide Home Loans, Inc. ("Countrywide"). The court, having reviewed the motion, the response, the pleadings and exhibits on file, the authorities cited, the briefs of counsel and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

The plaintiffs, Karen and Terrell Anderson, executed a Deed of Trust in favor of Alliance Funding, a Division of Superior Bank FSB, in conjunction with a loan for the purchase of certain property located at 715 N. 19th Avenue in Hattiesburg, Mississippi on July 30, 2001. Karen also executed the underlying note secured by the deed of trust but Terrell did not. Countrywide assumed servicing responsibilities in relation to the

loan shortly after its origination.  According to the Servicing Disclosure provided by Countrywide, servicing a loan entails collecting the principal, interest, and any escrow account payments.  Countrywide, however, was not the owner of the debt.

The plaintiffs became delinquent on this loan in early 2005, due to Mr. Anderson's loss of employment.  Thereafter, Countrywide sent a Notice of Default and Acceleration to the plaintiffs on May 3, 2005.  While the Andersons were in default, the subject property was damaged by Hurricane Katrina in August of 2005.  Following the storm, Countrywide granted the plaintiffs a forbearance period of four months, thereby suspending the due dates for their loan payments.

According to Countrywide, the plaintiffs were obligated to bring the loan current at the end of the forbearance period.  The plaintiffs allege that they had an understanding, based on oral communications with certain of the defendant's unnamed employees, that the suspended payments would be added to the end of the note.  When Mrs. Anderson discovered in January of 2006 that the suspended payments were all due, she apparently requested and received an additional forbearance.   However, the plaintiffs failed to bring their loan current and only made one subsequent payment of $1,000.00, on January 4, 2006, to Countrywide toward the outstanding indebtedness before Countrywide transferred the servicing of the loan to defendant Litton Loan Servicing, LP ("Litton") on May 1, 2006.

On May 5, 2006, Litton sent a Validation of Debt Notice to the plaintiffs, which reflected the amount of the debt as $67,260.25.  The plaintiffs then dealt with Litton until July of 2007, when they stopped making payments, vacated the property and moved to Georgia.  On August 30, 2007, Litton sent correspondence to the plaintiffs informing

them of a problem with their payment and requesting that the plaintiffs contact Litton immediately since foreclosure action could begin soon or had already begun. Litton contacted the plaintiffs with this same information in the months that followed. Thereafter, pursuant to its rights under the Deed of Trust, Litton foreclosed on the property in December of 2007.

The plaintiffs commenced this lawsuit on October 8, 2008 in the Circuit Court of Forrest County, Mississippi alleging causes of action including negligence, negligent infliction of emotional distress, wrongful foreclosure and rescission, breach of contract, bad faith breach of contract, and violations of the Fair Debt Collections Practice Act. The case was timely removed to this court shortly thereafter. In their Complaint, the plaintiffs fail to distinguish which claims are levied against each individual defendant, but instead make the claims against the defendants collectively. Each defendant has filed separate motions for summary judgment and this order deals only with Countrywide's motion.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T.*

*for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id*. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of

material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the]
5

court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

The plaintiffs do not dispute that Litton, rather than Countrywide, foreclosed on the property. The plaintiffs also agree that after Hurricane Katrina, Countrywide granted them a forbearance period during which time no payments were required. They, allege, however, that Countrywide made an oral promise to add these same four payments to the end of their mortgage and that by failing to do so, Countrywide violated ambiguous contractual or common law rights of the plaintiffs. The plaintiffs further allege that Countrywide was negligent in service releasing their loan to Litton during a dispute over the payment schedule.

As to the alleged oral promise, the plaintiffs have not produced any documentary evidence substantiating such, nor have they demonstrated any consideration for the alleged oral promise. The plaintiffs, however, must prove the existence of a binding contract to modify the loan payments before they can bring a claim for breach of that contract. *Rosemont Gardens Funeral Chapel-Cemetery, Inc. v. Trustmark National Bank*, 330 F.Supp.2d 801, 807 (S.D. Miss. 2004). "The elements of a valid contract are: (1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with the legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation." *Gandy v. Estate of*

6

*Ford*, 2009 WL 2595638, *3 (Miss. Ct. App. Aug. 25, 2009) (quoting *Mauldin Co. v. Lee Tractor Co. of Miss., Inc.*, 920 So.2d 513, 516 (Miss. Ct. App. 2006)).

The plaintiffs have not shown sufficient evidence that such a valid oral contract existed. There is no evidence of consideration given in exchange for the alleged oral promise to alter the terms of the Deed of Trust to apply payments to the back end of the loan. Additionally, the evidence indicates that the plaintiffs were unquestionably delinquent for payments other than the four payments not made after Hurricane Katrina. The purported breach of the alleged oral contract by Countrywide thus has no ultimate impact upon the further obligations of the plaintiffs to continue their payments per the terms of the loan. Thus, the plaintiffs have not produce proof of any damages as a result of this alleged breach of an oral contract nor have the plaintiffs produced any evidence of a breach of the written agreements between the parties, as will be dealt with hereinbelow.

As to the negligence claim, it is undisputed that Countrywide's relationship with the plaintiffs existed because of the written agreements associated with the plaintiffs' loan. Countrywide asserts that it did not owe a separate duty to the plaintiffs, and therefore was not negligent in its treatment of the plaintiffs. To prevail in the plaintiffs' negligence claim, they must prove, by a preponderance of the evidence, the following elements:

1. A duty owed by the defendant to the plaintiffs;
2. A breach of that duty;
3. Damages; and
4. A causal connection between the breach and the damages, such that the breach is the proximate cause of the damages.

*Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 416 (Miss. 1988). To survive

7

summary judgment, a plaintiff must show a genuine issue regarding each of the four negligence elements. *Gardner v. Parkman Logging, Inc.*, 2009 WL 2591617, *2 (S.D. Miss. Aug. 20, 2009).

Countrywide argues that the plaintiffs cannot show that a separate duty existed toward them from Countrywide, or that any duty was breached resulting in injury to them, and as such, their negligence claim fails. To support their negligence claim, the plaintiffs allege that "the failure to give proper notice as required by the Deed of Trust was negligent, lacked due diligence, and voids the foreclosure sale." However, it is undisputed by the plaintiffs that Litton, not Countrywide, was servicing their loan after May 1, 2006. The plaintiffs also do not dispute that Litton foreclosed on their property in December of 2007.

"Negligence can only proceed from a duty imposed by [] contract, or by the statutes of the state, or by a well-defined public policy." *Georgia Casualty Co. v. Cotton Mills Products Co.*, 132 So. 73, 75 (Miss. 1931), *overruled in part on other grounds by, Hartford Accident & Indemnity Co. v. Foster*, 528 So. 2d 255, 265 n. 3 (Miss. 1988). A claim sounding in negligence fails as a matter of law unless the plaintiff was owed a legal duty. *See Upchurch ex rel. Upchurch v. Rotenberry*, 761 So. 2d 199, 207 (Miss. 2000)("To establish liability for a claim sounding in negligence, the plaintiff must show a duty owed by the defendant to the plaintiff …"). Thus, "[t]he failure to act where there is no duty to act is not negligence." *Smith v. Tower Loan of Mississippi, Inc.*, 216 F.R.D. 338, 360 (S.D. Miss. 2003)(internal quotation marks, citation and alteration omitted). Whether a duty exists is a question of law to be resolved by the court. *See Johnson v. Alcorn State Univ.*, 929 So.2d 398, 406 (Miss. App. 2006); *Heard v. Intervest Corp.*, 856

So.2d 359, 361-62 (Miss. App. 2003). Because of the failed argument regarding the oral promise to transfer the suspended payments to the end of the note as alleged by the plaintiffs, the only duties existing between the parties originated in the loan documents. Therefore, the court finds that Countrywide had no contractual relationship with the plaintiffs after it transferred servicing of the loan to Litton, and therefore owed them no duty under the contract nor under common law.

The plaintiffs allege that they "suffered undue emotional distress, anxiety and mental anguish" as a result of defendants' negligent conduct. The plaintiffs, however, cannot support a claim for negligent infliction of emotional distress because the court has concluded that Countrywide owed the plaintiffs no duty and could not thus be negligent. Additionally, the plaintiffs have not demonstrated any physical harm or injury. In Mississippi, a "plaintiff's negligent infliction of emotional distress claim requires him to establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation, and injury." *Williams v. Lowes Homes Centers, Inc.*, 2007 WL 391567 (S.D. Miss. Jan. 31, 2007) (quoting Miss. Dep't of Trasp. v. Cargile, 847 So.2d 258, 262 (Miss. 2003) (citations and internal quotations omitted)). Further, "to succeed on a claim of negligent infliction of emotional distress, a plaintiff must prove 'some sort of physical manifestation of injury or demonstrable physical harm.'" *Rhodes v. State Farm Fire & Cas. Co.*, 2009 WL 563876 (S.D. Miss. March 4, 2009) (quoting *Wilson v. GMAC*, 883 So.2d 56, 65 (Miss. 2004) (citing *American Bankers' Ins. Co. of Florida v. Wells*, 819 So.2d 1196, 1209 (Miss. 2001)). The plaintiffs have failed to offer sufficient evidence of any such physical manifestations of harm.

Next, the plaintiffs allege that "the actions of the Defendant in this matter amount

to a breach of contract in the agreement of the original Deed of Trust." This claim is less than precise, but apparently, this breach of contract claim appears to relate to a breach of the aforesaid alleged oral promise to them to defer the four mortgage payments until the end of the loan. However, as stated above, the plaintiffs have failed to offer any proof that Countrywide breached any of the terms of the Deed of Trust. It is clear that Countrywide acted pursuant to its terms both in servicing and in transferring the servicing of the loan. Under Mississippi law, for a plaintiff to prevail on a breach of contract claim, he must prove: "(1) the existence of a valid and binding contract; (2) that the defendant has broken or breached it; and (3) that the plaintiff has been damaged monetarily by the breach." *De Pree v. Sanders*, 2008 WL 4457796, at *7 (S.D. Miss. Sept. 30, 2008) (citing *Warick v. Matheny*, 603 So.2d 330, 336 (Miss. 1992)). The plaintiffs have failed to meet their burden of proof to offer a genuine issue of material fact regarding the alleged breach.

Having concluded that there is no evidence of a breach of contract, the plaintiffs cannot maintain a claim for bad faith breach of contract and are not entitled to punitive damages. "Although styled as a tort claim, an action for bad-faith breach of contract is created by contract and requires proof of an actual breach of contract." *Traver v. Colonial Life 7 Acc. Ins. Co.,* 2007 5511766, *9 (S.D. Miss. Feb. 21, 2007) (citing *Aitke v. State Farm Mut. Auto. Ins. Co.*, 404 So.2d 1040, 1045 (Miss. 1981)). The plaintiffs have failed to offer a genuine issue of fact on their breach of contract claim; therefore, they cannot show any bad faith breach of said contract.

Finally, the plaintiffs allege "Defendants have violated the provisions of the Fair Debt Collections Practice Act by failure to give proper notifications to the Plaintiffs."

Once again, although less than pellucid, the plaintiffs appear to allege that Litton failed to provide the plaintiffs with proper notice regarding the debt owed on their mortgage before foreclosing on the property.

The United States Code requires that debt collectors provide written notice to consumers in connection with the collection of any debt, which must include the amount of the debt, the name of the creditor to whom the debt is owed, as well as mechanisms the debtor should employ to contest the validity of the debt and consequences of failing to dispute the validity of the debt. *See* 15 U.S.C. § 1692g. However, following the service transfer to Litton, the court has found that Countrywide had no further duty to plaintiffs, thus under the FDCPA Countrywide had no duty to provide notice of any debt owed, and any claim against Countrywide under the FDCPA fails. Countrywide was simply not serving the loan at the time of foreclosure, nor was it attempting to collect on a debt owed to it by the plaintiffs. Countrywide, therefore, is entitled to summary judgment on this claim as well as all others.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#49]** filed on behalf of the defendant, Countrywide Home Loans, Inc. is Granted and the plaintiff's Complaint is dismissed with prejudice as to Countrywide. A separate judgement shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 1st day of February, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE